# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL CARROLL, #365628**, | * | |
| Petitioner | * | |
| v | * | Civil Action No. RWT-11-1615 |
| **MARYLAND CORRECTIONAL TRAINING CENTER,** *et al*. | * | |
| | * | |
| Respondents. | * | |

# MEMORANDUM OPINION

Michael Carroll petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No.1 The Respondents filed a response seeking dismissal of the petition for lack of exhaustion. ECF No. 4. Petitioner was provided an opportunity to file a reply motion on or before November 11, 2011. (ECF No. 5) As of this date, Petitioner has not filed any reply motion. The issues are fully briefed. The Court rules pursuant to Local Rule 105.6 (D. Md. 2011) given that no hearing is necessary.

## FACTS

Mr. Carroll challenges his guilty plea to second-degree burglary entered on October 20, 2010, in the Circuit Court for Baltimore City, Maryland. On the same day, Mr. Carroll was sentenced to thirty years incarceration, with all but nine years suspended. The sentence also included five years of probation. Mr. Carroll did not file an application for leave to appeal the entry of his plea.[1] Mr. Carroll has not initiated state post-conviction proceedings

---

[1] A one-year statute of limitations applies to federal habeas petitions challenging a state court conviction. *See* 28 U.S.C. §2244(d)(1). Thus, Mr. Carroll's petition became final for the purpose of starting the one-year limitations period on November 19, 2010, when the time for filing an application for leave to appeal expired. *See* Md. Rule 8-204 (application for leave to appeal to be filed within thirty days of date of judgment from which appeal sought).

**DISCUSSION**

Before bringing a federal habeas petition, state prisoners must first exhaust state remedies in state court. *See* 28 U.S.C. §2254(b)(1); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir.1998). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim is not exhausted if there remains a reasonable possibility that there is any available procedure, either by way of direct appeal or a post-conviction proceeding, for the prisoner to secure review by the state courts. *See* 28 U.S.C. § 2254(c); *Gray v. Netherland*, 518 U.S. 152, 161-66 (1996). If the petitioner fails to exhaust all claims, these claims must be dismissed so that petitioner can first present his claims to the appropriate state courts. *See Granberry v. Greer*, 481 U.S. 129 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Mr. Carroll has not established that he has satisfied the exhaustion requirements for habeas relief. He has not filed for state post-conviction relief in Maryland state courts. Consequently, he has yet to exhaust available state remedies and his petition must be dismissed without prejudice.

Mr. Carroll has no absolute entitlement to appeal a district court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c)(1). Where, as here, a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner demonstrates both "(1) 'that jurists of reason would find it debatable whether the

---

The one-year period is tolled while properly filed post-conviction proceedings are pending, and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Petitioner does not satisfy this standard. A separate Order consistent with this Memorandum Opinion shall issue.

Date: <u>December 1, 2011</u>  /s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE